UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------X
ANGEL CURRAS,

                Petitioner,           MEMORANDUM & ORDER
                                                      05-CV-886 (NGG)

    - against -

KENNETH PEARLMAN, Superintendent
of Mid-State Correctional Facility,

                Respondent.
----------------------------------------------------X
GARAUFIS, United States District Judge.

    Pro se petitioner Angel Curras ("Curras") brings this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is currently incarcerated in Mid-State Correctional Facility, New York. Curras challenges his conviction rendered upon a plea of guilty in New York Supreme Court, Kings County, for Burglary in the Second Degree (New York Penal Law § 140.25), as well as his sentencing as a second violent felony offender. For the reasons set forth below, his petition is DENIED.

I.    BACKGROUND

    *A.    Guilty Plea and Sentencing*

    In September and October 2000, several apartments were broken into and burglarized on Montgomery Place, President Street and Lincoln Place in Brooklyn. (Respondent's Appellate Brief (hereinafter "Resp. Br.") at 2.) On October 31, 2000 Petitioner was observed at one of the burglarized locations by a police officer and apprehended after a chase. (Id.) Petitioner was charged with four counts of Burglary in the Second Degree and Burglary in the Third Degree and

1

two counts of Petit Larceny and Criminal Mischief. (Id. at 3.) On January 15, 2002, Petitioner withdrew a speedy trial motion he had filed pursuant to N.Y. Criminal Procedure Law ("C.P.L.") § 30.30, waived his right to appeal his conviction and pled guilty to one count of Burglary in the Second Degree. (Id. at 3-5.) In February 2002, Petitioner filed a motion pursuant to N.Y.C.P.L. § 220.60 to vacate his judgment of conviction, claiming that he was coerced into pleading guilty and that a viable N.Y.C.P.L. § 30.30 motion could have been filed. (Id. at 5-6.) On May 6, 2002, the court denied Curras's motion to vacate the judgment of conviction. (Id. at 6.) On May 14, 2002, Curras was sentenced as a second violent felony offender to seven years in prison and five years of post-release supervision. (Id.)

B.  *Procedural History*

Petitioner appealed his conviction to the Appellate Division, Second Department. (Petitioner's Petition for Writ of Habeas Corpus (hereinafter "Habeas Pet."), at 2.) Curras appealed the judgment on the grounds that: (1) his waiver of appeal was unenforceable as unknowing, unintelligent and involuntary; (2) he made no factual admission of guilt and therefore his plea was unenforceable; (3) he was illegally sentenced as a second violent felony offender; (4) he was not informed that he was subject to post-release supervision, rendering his guilty plea and sentence involuntary; (5) the trial court improperly ignored his C.P.L. § 30.30 motion to dismiss, thus depriving him of due process and a speedy trial; and (6) the trial court improperly denied his motion to withdraw his guilty plea. (Id. at 2-3.)

On November 10, 2003, a four-judge panel of the Appellate Division affirmed Curras's conviction. People v. Curras, 1 A.D.3d 445, 766 N.Y.S.2d 892 (2d Dep't 2003). The Appellate Division held that Petitioner's waiver of his right to appeal precluded review of his challenge to

the factual adequacy of his plea allocution and his speedy trial claim. Id. at 446. The Appellate Division also held that the trial court properly denied his motion to withdraw his guilty plea as he "knowingly, intelligently, and voluntarily pleaded guilty, and the record does not support his conclusory claims of coercion and ineffective assistance of counsel." Id. (citations omitted). The Appellate Division found that Petitioner's remaining contentions were either unpreserved for appellate review or without merit. Id.

Curras then sought leave to appeal to the New York Court of Appeals. (Habeas Pet., at 3.) In his leave application he requested review of the issues he had raised on direct appeal. (Id.) On February 13, 2004, the Court of Appeals denied Curras' leave to appeal. People v. Curras, 1 N.Y.3d 626, 777 N.Y.2d 25 (2003).

Curras filed this timely petition for a writ of habeas corpus on February 14, 2005.

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Thus, a prisoner seeking a writ of habeas corpus must allege that his conviction or sentence in state court violates constitutional or other federal rights.

In clarifying these provisions, the Second Circuit has explained that an "adjudication on

the merits" means one "based on the substance of the claim advanced, rather than on a procedural, or other, ground." Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir. 2001). The Supreme Court has explained that the "contrary to" standard means that a district court "should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000). The Court elaborated: "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

Under the exhaustion requirement of 28 U.S.C. § 2254(b)(1), a state prisoner petitioning for a federal writ of habeas corpus generally must have first presented his claim to the state's highest court. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Morgan v. Bennett, 204 F.3d 360, 369 (2d Cir. 2000). In New York, this means that a defendant, having first appealed to the Appellate Division of the Supreme Court, must then seek leave to the Court of Appeals to review his conviction pursuant to N.Y.C.P.L. § 460.20 (McKinney 1994). See id. However, if the petitioner no longer has "remedies available" in state court under 28 U.S.C. § 2254(b), the claim should be considered exhausted. Bossett v. Walker, 41 F.3d 825, 828-29 (2d Cir. 1994) (collecting cases).

Habeas review is also circumscribed by procedural defaults. In addressing a habeas petition, a federal court must not "review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991). Further, this "doctrine applies to bar federal habeas when a state court declined to address a prisoner's

federal claims because the prisoner had failed to meet a state procedural requirement." Id. at 729-30.

Exceptions exist to the independent and adequate state ground bar if the petitioner can make a showing of cause for the default and resulting prejudice, see Wainwright v. Sykes, 433 U.S. 72, 87 (1977), or can "demonstrat[e] a constitutional violation that resulted in a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime for which he has been convicted." Dunham v. Travis, 313 F.3d 724, 729 (2d Cir. 2002). "To be credible such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup v. Delo, 513 U.S. 298, 324 (1995). If the petitioner complies with these preliminary requirements, a federal court may address the merits of the constitutional claim.

## III. DISCUSSION

Petitioner raises essentially the same grounds for habeas relief that he raised in his state court appeals. The grounds are: (1) his sentencing as a second violent felony offender violated his right to due process; (2) the addition of five years of post-release supervision to Petitioner's sentence violates his right to equal protection; (3) his relinquishment of his N.Y.C.P.L. § 30.30 motion was coerced and denied him of his due process rights and right to a speedy trial; and (4) ineffective assistance of counsel. (Habeas Pet. at 5-27.) Petitioner's first and fourth claims are not procedurally barred, but are nonetheless without merit because the Appellate Division's decision is not contrary to, or an unreasonable application of federal law. Petitioner's remaining claims are either not exhausted or not subject to review by this Court because they were disposed

5

of by the Appellate Division on independent and adequate state grounds. The claims are considered in turn.

   1.   *Sentencing as a Second Violent Offender*

Curras first claims that his due process rights were violated because he was sentenced as a second violent felony offender. In order for a claim to be procedurally barred for federal review "[t]he state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." Fama v. Commissioner of Correctional Services, 235 F.3d 804, 809 (2d Cir. 2000) (quoting Harris v. Reed, 489 U.S. 255, 261-62 (1989)). Reliance on a state law procedural bar must be clear from the face of the opinion. Id. at 809. Accordingly, where a state appellate court has pronounced that a prisoner's claims are "either unpreserved for appellate review or without merit," it has failed to explicitly state whether it based its decision on a procedural default. Id. at 810. Therefore, if a state appellate court has disposed of a habeas petitioner's claims without identifying a state procedural ground for rejecting the petitioner's claim, that "claim is properly subject to federal *habeas corpus* review." Reid v. Senkowski, 961 F.2d 374, 377 (2d Cir. 1992).

In the instant case, the Second Department employed the very language described in Fama. After discussing the law regarding Curras's waiver of his right to appeal, the motion to vacate his guilty plea, the voluntariness of his guilty plea and his claims of coercion and ineffective assistance of counsel, the Second Department stated "[t]he defendant's remaining contentions are either unpreserved for appellate review or without merit." People v. Curras, 1 A.D.3d at 446. Because the Second Department did not articulate any state ground upon which to conclude that Curras's claim regarding his sentencing as a second violent felony offender was

barred, that claim is subject to review by this court.

Petitioner argues that he was not afforded due process during sentencing because he challenged the veracity of the predicate conviction of Burglary in the Second Degree at sentencing, but the trial court placed the burden of disproving the conviction upon him. (Habeas Pet., at 5-8.) The sentencing transcript reflects the following:

> **Court Clerk**: Mr. Curras, you have been provided with a statement by the district attorney . . . which says that you have been convicted, sentenced on a prior felony . . . in Kings County November 12 of '91 for burglary in the second degree violent felony . . . .
> You may admit, deny or stand moot as to whether you're the person who was convicted, sentenced on those felonies and that violent felony as recited in the statement. <u>If you wish to controvert that statement on any ground including a violation of your constitutional rights you must state that ground</u>. You will be entitled to a hearing before this court without a jury . . . .
> . . . .
>
> **Court Clerk**: Do you admit you were the person who was convicted of those felonies and violent felony?
>
> **The Defendant**: As to the first and third?
>
> **The Court**: That's burglary in the third degree . . . and the third one is November 4, '94 sentence . . . both non-violent felonies . . . He never pled the burglary two, he pled to a burglary three . . . . People have gone forward with the statement. It's up to the defendant to somehow bring proof to the court that that is not the case. I will be looking at the RAP sheet.
> . . . .
>
> **The Court**: Mr. Curras, the sheet that's generated your fingerprints shows you were convicted . . . [of] burglary in the second degree . . . The power of the office of Court administration requires us with has the same information in it. And what it shows is on November twelve of '91 you were sentenced not only for a non-violent felony but for violent felony burglary in the second degree . . .
> . . . .
>
> **Court Clerk**: Do you wish to challenge the constitutionality of the prior conviction?

7

> **The Defendant**: I will have to answer that at this time I don't know if I can challenge the constitutionality of these because I don't know if I have a constitutional challenge to any of these indictments.
>
> **The Court**: If you are not prepared to make a challenge then you have not challenged . . . .

(Sentencing Transcript dated May 14, 2002 before Greenberg, J. (hereinafter Sent. Tr.) at 2-5) (emphasis added).

I note that Petitioner's submissions to this Court cite no case law to support his contention that the sentencing violated his due process rights, nor did he allege that he was not given notice of the proceeding or that he was denied an opportunity to be heard. In order for Petitioner to establish that his sentencing violated due process, he would have to show that the judge relied on misinformation or a misunderstanding regarding his prior criminal record. In Townsend v. Burke, the Supreme Court held that where it was apparent from the record that either the prosecution overreached by submitting false conviction information to the sentencing judge, or that the sentencing judge had misread the record and relied upon materially false information, the defendant's sentence violated Due Process. 334 U.S. 736, 740-41 (1948). However, the Second Circuit in United States v. Malcolm instructs that not every defect in the sentencing process implicates the Constitution, finding no due process violation where a judge made a technical misstatement regarding the number of armed robberies of which the defendant had been convicted, as opposed to the number he had committed. 432 F.2d 809, 816 (2d Cir. 1970)

In the case at bar, Petitioner attached an exhibit to his petition that includes a Certificate of Disposition Indictment from the Clerk of the Supreme Court, Kings County, which

unequivocally states that Petitioner was convicted of Burglary in the Second Degree on October 18, 1991.  Subsequently, according to the Certificate of Disposition Indictment, Petitioner was sentenced to eighteen to fifty-four months in prison for the Second Degree Burglary conviction on November 12, 1991.  This document supports the trial court's conclusion that Petitioner had been convicted of the predicate offense.  There has been no showing that the Prosecution submitted false conviction information to the sentencing judge or the judge relied on misinformation regarding the Petitioner's criminal record.  See Townsend, 344 U.S. at 740-41.  Therefore, as Petitioner has not shown that his sentencing as a second violent felony offender violated due process, his claim is denied.

   2.   *Post-Release Supervision*

The second ground Petitioner in his habeas petition articulates is that the addition of five years of post-release supervision to the seven-year sentence to which he agreed to accept in exchange for his guilty plea violated his right to equal protection.  Under the exhaustion requirement of 28 U.S.C. § 2254(b)(1), a state prisoner petitioning for a federal writ of habeas corpus generally must have first presented his claim to the state's highest court.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Morgan v. Bennett, 204 F.3d 360, 369 (2d Cir. 2000).  Petitioner failed to raise an equal protection argument in his appeal to the Second Department.  Therefore, because this claim was not presented to the Appellate Division for review it was not exhausted and may not be reviewed by this Court.

   3.   *Speedy Trial*

Petitioner next claims that his relinquishment of his speedy trial claim pursuant to his plea agreement was coerced, thus denying him due process.  In addressing a habeas petition, a

9

federal court must not "review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991). The Appellate Division explicitly addressed the speedy trial claim when it stated "defendant's valid waiver of his right to appeal precludes review of his challenge to . . . his claim that he was denied his statutory right to a speedy trial . . . ." People v. Curras, 1 A.D.3d at 446 (citations omitted). Therefore, Petitioner's speedy trial claim is procedurally barred upon an independent and adequate state ground.

   4.   *Ineffective Assistance of Counsel*

Finally, Petitioner asserts a general claim that he was not afforded effective assistance of counsel throughout the proceedings against him. The Appellate Division addressed this claim when it stated the following: "The defendant knowingly, intelligently, and voluntarily pleaded guilty, and the record does not support his conclusory claims of coercion and ineffective assistance of counsel." Id. (citations omitted). As this claim clearly appears to have been decided on the merits, it is reviewable by this court. However, on the merits the claim fails.

The record does not support Curras's claim of ineffective assistance of counsel. Curras has made no showing that would satisfy the Strickland test, which requires proof that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668 (1984); see also Sarroca v. United States, 250 F.3d 785, 787 (2d Cir. 2001). Thus, under AEDPA, it cannot be said that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law," or that it resulted in a decision that was "based on an

unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

Thus, the ineffective assistance of counsel claim must be denied.

## IV. CONCLUSION

For the reasons discussed above, Angel Curras's petition for a writ of habeas corpus is DENIED. A certificate of appealability shall not issue. The Clerk is directed to close the case.

SO ORDERED.

Date: May 19, 2006            /s/
       Brooklyn, New York       Nicholas G. Garaufis
                                      United States District Judge